# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| EBONI HEARRING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-04255-NKL |
| | ) | |
| JUST US OF COLUMBIA, LLC, | ) | |
| d/b/a JUST US and TAMARA WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Plaintiff's motion to remand, Doc. 9. Plaintiff's motion is granted in part and denied in part. Plaintiff's motion is granted with respect to Counts III and IV, which are remanded to state court. Plaintiff's motion is denied with respect to Counts I and II.

**I.      Background**

Plaintiff Eboni Hearring filed this action in Boone County Circuit Court on September 11, 2015. Her complaint alleges four claims: (1) failure to pay overtime as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207; (2) FLSA retaliation arising under 29 U.S.C. § 215(a)(3); (3) retaliatory discharge arising under the Missouri common law; and (4) worker's compensation retaliation arising under § 287.780 of the Missouri Worker's Compensation Act.

On November 5, 2015, Defendants removed this case to Federal District Court, stating that the Court has subject matter jurisdiction over the case due to Counts I and II, which arise under the FLSA. Ms. Hearring contends that the case should be remanded.

## II. Discussion

Upon removing an action to federal court, the defendant bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction over the case. *In re Prempro Products Liability Litigation*, 591 F.3d 613, 620 (8th Cir. 2010); *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Baumgartner v. Ford Motor Credit Co.*, 2007 WL 2026135, at *1 (W.D. Mo. July 9, 2007).

Ms. Hearring contends that remand is appropriate in this case because Count IV was improperly removed. As she notes and Defendant concedes in its briefing, claims arising under § 287.780 of the Missouri Worker's Compensation Act may not be removed from state court. *See Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1247 (8th Cir. 1995); 28 U.S.C. § 1445(c). Therefore, the Court must follow the severance procedure set out at 28 U.S.C. § 1441(c):

> **(c) Joinder of Federal law claims and State law claims.--(1)** If a civil action includes**--**
>   **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>   **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be

> removable without the inclusion of the claim described in subparagraph (B).
>
> **(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

In accordance with the statute, the Court will sever Count VI from this action and remand it to the Circuit Court of Boone County.

Ms. Hearring also requests that the Court remand Counts I through III. Defendant opposes remand of these remaining claims.

As indicated above, Counts I and II of this action arise under the FLSA, and therefore present federal questions over which the Court has original jurisdiction. Ms. Hearring contends that despite the fact that the Court clearly has subject matter jurisdiction over the claims, they should be remanded to state court in the interests of judicial economy, convenience, and fairness. However, she cites no cases to indicate that a federal court may decline to exercise its subject matter jurisdiction over federal questions solely to convenience the Court and the plaintiff. Federal courts have an obligation to exercise the jurisdiction bestowed upon them by statute and the Constitution. *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) (noting the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them").

While in some limited instances abstention doctrines may justify federal courts declining to exercise their jurisdiction, abstention is not appropriate here. Ms. Hearring

3

has stated four independent counts in her Complaint, two arising under the FLSA and two arising under Missouri law. Adjudication of Count IV under the Missouri Worker's Compensation Act will not dispose of the FLSA claims, nor is there any risk of incurring inconsistent judgments between state and federal court if litigation proceeds on Count IV in state court and the remainder of the case in federal court, as the courts will be adjudicating separate and independent causes of action. While the Court recognizes that the division of this case between state and federal court may cause the parties to incur some duplicative costs and necessitate flexibility regarding the course of discovery, remanding the entire case would deny the Defendant the federal forum to which it is entitled simply to eliminate minor inconveniences. Declining to exercise jurisdiction under these circumstances would be inappropriate. Therefore, the Court will not remand Counts I and II.

Unlike Counts I and II, Count III arises under Missouri law and original jurisdiction lies in Missouri state court. However, federal courts have pendent jurisdiction over claims arising under state law if they form part of the same case or controversy presented by the federal claims in the lawsuit. The parameters of this supplemental jurisdiction are set out at 28 U.S.C. § 1367:

> **(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

4

> . . .
> **(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> > **(1)** the claim raises a novel or complex issue of State law,
> > **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> > **(3)** the district court has dismissed all claims over which it has original jurisdiction, or
> > **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

This statute contains "a broad grant of supplemental jurisdiction over other claims within the same controversy, as long as the action is one in which the district courts would have original jurisdiction." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 558 (2005). However, "pendent jurisdiction is a doctrine of discretion, not of . . . right." *Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172-74 (1997) (noting that a federal district court may decline to exercise supplemental jurisdiction "[d]epending on a host of factors . . . including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims . . .").

Ms. Hearring argues that the Court should decline to exercise jurisdiction over Count III under § 1367(c)(4) and in the interests of judicial economy, convenience, and comity. Ms. Hearring does not dispute that Count III forms part of the same case or controversy encompassed by Counts I and II; as such, there is no reason that the Court could not retain jurisdiction over Count III. However, the justification for the supplemental jurisdiction doctrine "lies in considerations of judicial economy,

5

convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them . . . . Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726.

The Court has already concluded that it is appropriate for Counts I and II to remain in federal court and for Count IV to be remanded to state court. Therefore, it will be impossible to avoid piecemeal litigation of this action. If the Court were to retain jurisdiction over Count III, it would not make this litigation significantly more convenient for the District Court, the Circuit Court of Boone County, or the parties. Moreover, as this Court would have to sit in the stead of a Missouri state court in adjudicating Count III, it is more efficient to remand Count III to allow the state court to apply its own law. In light of these considerations, the Court will remand Count III to proceed with Count IV of this action.

### III. Conclusion

For the reasons set forth above, Plaintiff's motion to remand, Doc. 9, is granted in part and denied in part. Plaintiff's motion is granted with respect to Counts III and IV, which are remanded to the Circuit Court of Boone County. Plaintiff's motion is denied with respect to Counts I and II.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: <u>January 25, 2016</u>

Jefferson City, Missouri